UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. POWERS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-1299 (CEJ) |
| ) | |
| CITY OF FERGUSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendants' motion for partial dismissal of plaintiffs' complaint, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs have filed a response in opposition and the issues are fully briefed.

In August 2014, plaintiffs Michael J. Powers, Jasmine Woods, Keith Rose, and Michael Lhotak were arrested in Ferguson, Missouri for failing to comply with lawful police orders. In 2016, plaintiffs were tried and acquitted of the failure-to-comply charges. In this action, brought pursuant to 42 U.S.C. § 1983, plaintiffs allege that the City of Ferguson, arresting police officers John Does 1-3, charging police officers Tim Harris and Sean Gibbons, and Ferguson prosecuting attorneys Stephanie Karr and J. Patrick Chassaing violated their rights under the First, Fourth, Fifth, and Fourteenth Amendments. Plaintiffs assert § 1983 claims ofunlawful seizure and false arrest (Count I); malicious prosecution (Count II); conspiracy (Count III); and municipal liability (Count IV); and state law claims of malicious prosecution (Count V); abuse of process (Count VI); and false arrest and imprisonment (Count VII). They seek $20 million in compensatory damages, punitive damages, and attorneys' fees and costs.

## I. The Complaint

On August 9, 2014, Michael Brown was shot and killed in an encounter with a Ferguson police officer. In the days that followed, the City of Ferguson was the site of protests and vigils. Several participants in the protests were arrested and charged for allegedly violating a municipal ordinance making it unlawful for a person to "fail to comply with the lawful order or request of a police officer in the discharge of the officer's official duties where such failure interfered with, obstructed or hindered the officer in the performance of such duties." 14 Ferguson Mun. Code § 29-16. Many who were tried on failure-to-comply charges were acquitted when defendants Karr and Chassaing were unable to produce witnesses. Complaint at ¶¶ 11, 28-35. [Doc. #1]. As relevant to this case, the John Doe defendants arrested plaintiffs Jasmine Woods, Keith Rose and Michael Lhotak on August 11, 2014, and plaintiff Michael Powers on August 14, 2014, allegedly in retaliation for exercising their First Amendment rights to free speech and assembly. Complaint at ¶ 46. Following the arrests, defendants Harris and Gibbons falsely alleged in police reports and criminal complaints that the plaintiffs failed to comply with orders to disperse. Defendant Karr signed the false criminal complaints. Complaint at ¶¶ 12-15.

On March 4, 2015, the Civil Rights Division of the United States Department of Justice released a report of its investigation of the Ferguson Police Department (the Ferguson Report). As relevant here, the Justice Department found that City of Ferguson police officers frequently relied on the failure-to-comply ordinance to arrest individuals without probable cause and to infringe on or retaliate against free expression. The Justice Department also found that the ordinance was applied in a

racially discriminatory manner, with African Americans accounting for 94% of all fail-to-comply charges between 2011 and 2103. Complaint at ¶ 20.

On March 17, 2016, the City of Ferguson entered into a consent decree with the Department of Justice in which it agreed, *inter alia*, to ensure that officers did not infringe on the First Amendment rights of protestors. Complaint at ¶ 24. The consent decree did not require the City to dismiss existing charges for failure to comply and, in April 2016, defendants Karr and Chassaing proceeded to trial against the plaintiffs. All four were acquitted. Complaint at ¶¶ 44-47.

The City of Ferguson obtains the services of defendants Karr and Chassaing through a contract with their employer, the Curtis Heinz law firm. Complaint at ¶¶ 3-4. Attorneys in the law firm's "local government" practice group serve as city and village attorneys for more than 20 municipalities in the area, as well as serving as prosecutors in many municipal courts. Complaint at ¶ 64. The City of Ferguson pays $150 an hour for the services of Karr and Chassaing. Complaint at ¶ 5. There is no limit on the number of hours Karr and Chassaing can bill for their services to Ferguson. Complaint at ¶ 36. Plaintiffs allege that defendants Karr and Chassaing thus have a financial incentive to prosecute charges even when they have no evidence that a crime was committed. Plaintiffs also allege that Karr and Chassaing were motivated by retaliatory intent and to deter other protestors from engaging in protected activity. Complaint at ¶¶ 33-35.

In addition to her role as a prosecutor for the City of Ferguson, defendant Karr also acted as city attorney until May 24, 2016. Complaint at ¶ 37. As city attorney, Karr worked closely with the mayor and other officials regarding the City's law enforcement policies and response to public protests. Complaint at ¶ 66.

According to her law firm's billing documents, Karr also drafted news releases, talking points, and memoranda addressing document requests. She spent many hours in meetings with the City Council. Complaint at ¶ 67.

**II. Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed.R.Civ.P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Ordinarily, if the parties present, and the Court considers, matters outside of the pleadings, the motion must be treated as a motion for summary judgment.

4

Fed.R.Civ.P. 12(d). However, the Court may consider materials that are necessarily embraced by the complaint, as well as any exhibits attached to the complaint, without converting the motion into one for summary judgment. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n. 4 (8th Cir. 2003). In addition, the Court may properly consider public records, including court records, on a motion to dismiss. Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007). In conjunction with their opposition to the dismissal motion, plaintiffs have submitted a copy of the Ferguson Report, from which they quoted in their complaint and which can therefore be viewed as an attachment to the complaint. See Mattes, 323 F.3d at 697 n. 4 (introduction of two exhibits at hearing did not require conversion of dismissal motion).

### III. Discussion

#### A. Official Capacity Claims

Plaintiffs fail to specify the capacity in which the individual defendants are sued. Where a complaint is silent about capacity, the court must interpret the complaint as including only official-capacity claims. Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). A § 1983 suit against an officer in his official capacity is functionally equivalent to a suit against the employing governmental entity and must be dismissed as redundant to the claims asserted against the government entity. Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010) (dismissing § 1983 claims against public officials in their official capacities as redundant to § 1983 claims made against the governmental entity); Johnson v. City of Ferguson, No. 4:15CV00832 AGF, 2016 WL 1023028, at *9 (E.D. Mo. Mar. 15, 2016) (same); Brown v. City of Ferguson, No. 4:15CV00831 ERW, 2015 WL 4393960, at *1 (E.D. Mo. July 16, 2015) (same).

5

Plaintiffs argue that they have pleaded facts that necessarily establish that the claims against the individual defendants are brought in their individual capacities. However, a complaint must contain "a clear statement" of the plaintiffs' intent to sue defendants in their individual capacities. Egerdahl, 72 F.3d at 619. "Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient." Id. (citing Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989)). Plaintiffs will be granted leave to amend the complaint to clearly state that they proceed against defendants in their individual capacities. Accordingly, the Court will not address defendants' arguments for dismissal based on official capacity claims.

B.  **Absolute Immunity for Prosecutorial Functions**

Defendants Karr and Chassaing assert that they are entitled to absolute prosecutorial immunity against plaintiffs' claims of malicious prosecution (Count II and Count V), conspiracy (Count III), and abuse of process (Count VI).

Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case "insofar as that conduct is intimately associated with the judicial phase of the criminal process." Sample v. City of Woodbury, No. 15-3213, 2016 WL 4608141, at *2 (8th Cir. Sept. 6, 2016) (quoting Burns v. Reed, 500 U.S. 478, 486 (1991)). In determining whether a prosecutor's particular actions are entitled to absolute immunity, the courts apply a "functional approach," which looks to "the nature of the function performed, not the identity of the actor who performed it." Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). A prosecutor's administrative or investigative actions that do not relate to

6

the initiation of a prosecution do not qualify for absolute immunity. Id. at 273. Allegations of improper motive in the performance of prosecutorial functions will not defeat immunity. Sample, 2016 WL 4608141, at *2; see also Imbler v. Pachtman, 424 U.S. 409, 428 (1976) ("[I]t is better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation"); Reasonover v. St. Louis Cty., Mo., 447 F.3d 569, 580 (8th Cir. 2006) (immunity is not defeated by allegations of malice, vindictiveness, or self-interest). The official seeking absolute immunity bears the burden of showing that immunity is justified for the function in question. Burns, 500 U.S. at 486.

Plaintiffs do not dispute the general principle that prosecutors enjoy absolute immunity for initiating a prosecution and presenting a criminal case. Rather, they assert that the Supreme Court has created an exception to the immunity doctrine for private individuals performing government functions pursuant to a contract between a private entity and the government. In Richardson v. Wright, 521 U.S. 399 (1997), the Supreme Court held that prison guards employed by a private multistate prison management firm were not entitled to immunity in § 1983 actions. The Court determined that immunity was not necessary for the private prison guards under consideration because the purposes of immunity were adequately served by several specific marketplace pressures.[1] Id. at 409-11 (noting that prison operated under three-year contract terminable after one year, was exempt from civil service and monitoring requirements imposed on publicly

---

[1] Immunity protects government's ability to perform its traditional functions by: preventing unwarranted timidity on the part of those engaged in the public's business; ensuring that talented individuals are not deterred from entering public service by the threat of suits; and allowing the performance of government duties free from the distractions caused by lawsuits. Richardson, 521 U.S. at 408 (citing Wyatt v. Cole, 504 U.S. 158, 167 (1992); Butz v. Economou, 438 U.S. 478, 506 (1978); Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

facilities, and was required to maintain insurance to compensate victims of civil rights torts). Based on these marketplace pressures, the Court concluded that the prison guards were more like employees of private firms and that there was "nothing special enough about the job or its organizational structure that would warrant providing . . . private prison guards with a governmental immunity." Id. at 412. The Court cautioned that it had "answered the immunity question narrowly, in the context of . . . a private firm, systematically organized to assume a major lengthy administrative task (managing an institution) with limited direct supervision by government, undertak[ing] that task for profit and potentially in competition with other firms." Id. at 413.

Plaintiffs argue that Karr and Chassaing's employer is substantially equivalent to the private prison in Richardson, and therefore Karr and Chassaing are not entitled to absolute immunity for their prosecutorial functions. They allege that the Curtis Heinz law firm is "a private firm which is systematically organized to perform a major and lengthy task for the City of Ferguson, namely providing the services of the City Attorney's Office and all prosecutorial functions" for profit and in competition with other law firms.[2] Complaint at ¶ 3. Thus, plaintiffs allege, "marketplace pressures" serve as a substitute for immunity. See Complaint at ¶ 65 (marketplace pressures provide Curtis Heinz with strong incentives to avoid timid, insufficiently vigorous, or unduly fearful employee performance). However, plaintiffs do not make any specific allegations that would reasonably support the necessary

---

[2] Plaintiffs argue in opposition to the motion to dismiss that defendants Karr and Chassaing operate independently and with limited supervision from the City of Ferguson, another factor the Court in Richardson relied on in determining that private prison guards were not entitled to immunity. [Doc. #16 at 18]. Plaintiffs do not make an allegation to this effect in their complaint; indeed, they actually allege that Karr worked closely with City officials.

8

inference that, in this instance, the purposes of the immunity doctrine are adequately served by marketplace pressures. As such, the allegations in the complaint are conclusory and not entitled to be assumed true. Iqbal, 556 U.S. at 681 (citing Twombly, 550 U.S. at 554–55).

Even if the allegations were adequately pleaded, however, the Supreme Court has made it clear that Richardson is to be applied very narrowly. See Filarsky v. Delia, 132 S. Ct. 1657, 1667 (2012) (describing Richardson as a "self-consciously narrow" decision that was "not meant to foreclose all claims of immunity by private individuals"). In Filarsky, the Supreme Court held that a private attorney hired to conduct an administrative investigation of a municipal employee was entitled to immunity. The Court found that "the common law did not draw a distinction between public servants and private individuals engaged in public service in according protection [from suit] to those carrying out government responsibilities." 132 S. Ct. at 1663-64. Allowing § 1983 suits against private individuals assisting the government could deter talented candidates from taking on a public task and would embroil the public employees with whom they worked in lawsuits, a highly likely outcome in this instance if the claims against Karr and Chassaing were to proceed. Id. at 1665. Thus, immunity from suit under § 1983 "should not vary depending on whether an individual working for the government does so as full-time employee, or on some other basis." Id.

Finally, plaintiffs have not cited, and the Court has not found, any cases decided after Filarsky in which a prosecutor was denied absolute immunity based on his or her status as a private attorney. By contrast, several cases have extended immunity to private attorneys serving prosecutorial roles. See Redlich v. Leen, No.

9

16-CIV-20001, 2016 WL 3670575, at *5 (S.D. Fla. May 20, 2016) (private attorney entitled to absolute immunity in "hired role as a prosecutor on behalf of the City of Coral Gables in the traffic court proceeding"); Shimota v. Wegner, No. 15-1590, 2016 WL 1254240, at * 14 (D. Minn. Mar. 29, 2016) (citing Filarsky and holding that private attorney entitled to absolute immunity for claims related to wrongful prosecution); Higdon v. Law Firm of Lautzenheiser Myers & Holdman, No. 1:06-CV-14TS, 2006 WL 897441, at *1 (N.D. Ind. Mar. 31, 2006) (private attorneys acting as city prosecutors entitled to absolute immunity); see also pre-Filarsky cases Ernst v. Child & Youth Servs. of Chester Cty., 108 F.3d 486, 503 (3d Cir. 1997) (granting immunity to private attorney representing child welfare agency in dependency hearings); SBT Holdings, LLC v. Town of Westminster, 541 F. Supp. 2d 405, 414-15 (D. Mass.), rev'd on other grounds, 547 F.3d 28 (1st Cir. 2008) (rejecting claim that "contract law firm" and its attorney are not entitled to absolute immunity); Niebur v. Town of Cicero, 212 F. Supp. 2d 790, 824 (N.D. Ill. 2002) ("Private attorneys may have prosecutorial immunity in the proper circumstances."); Hollowell v. Gravett, 703 F. Supp. 761, 764 (E.D. Ark. 1988) (absolute immunity for private attorney hired to prosecute administrative dismissal proceeding against officers of the sheriff's department).

Based on the above considerations, the Court finds that Karr and Chassaing are entitled to absolute immunity for all acts they performed in their prosecutorial roles.

Plaintiffs oppose granting defendant Karr immunity for their claims that she signed false complaints prepared by defendants Gibbons and Harris. "[A]ctions connected with initiation of prosecution, even if those actions are patently

10

improper" are immunized. Schenk v. Chavis, 461 F.3d 1043, 1046 (8th Cir. 2006) (citation omitted). However, plaintiffs argue that Karr acted as a complaining witness rather than a prosecutor when she signed the complaints. "A complaining witness is not entitled to absolute immunity, nor is a prosecutor who performs the same role." Adams v. Hanson, 656 F.3d 397, 408 (6th Cir. 2011). In Kalina v. Fletcher, 522 U.S. 118, 129-31 (1997), the Supreme Court determined that a prosecutor acted as a complaining witness when she prepared a sworn affidavit attesting that the underlying facts to support an arrest warrant were true. Id. "Testifying about facts is the function of the witness, not of the lawyer." Id. at 130–31. Here, however, plaintiffs do not allege that Karr swore to the truth of facts alleged in the complaint. "The sworn/unsworn distinction is more than critical; it is determinative." Rivera v. Leal, 359 F.3d 1350, 1355 (11th Cir. 2004); see also Saterdalen v. Spencer, 725 F.3d 838, 842–43 n.2 (8th Cir. 2013) (absolute immunity applied to prosecutor's acts in reviewing and approving complaint). Indeed, plaintiffs alleged that Karr signed the complaints "as prosecutor," an allegation they cannot now repudiate in order to avoid dismissal. Complaint at ¶¶ 12, 15. Karr is entitled to absolute immunity for her actions in signing the complaints against plaintiffs.

Plaintiffs argue that defendants Karr and Chassaing are not entitled to absolute prosecutorial immunity for any investigative or administrative conduct. In their complaint, plaintiffs allege that defendants "Karr and Chassaing engaged in policymaking and investigatory roles on behalf of the City of Ferguson and Ferguson Police Department," and "through their investigatory and policymaking roles, have failed to remedy the City of Ferguson and Ferguson Police Department's custom,

practice and usage of abuse of the failure to comply ordinance and other similar ordinances." Complaint at ¶¶ 66, 70. Again, these conclusory allegations do not identify any specific investigatory or administrative conduct and cannot establish that defendants Karr and Chassaing acted as anything other than prosecutors with respect to the prosecution of plaintiffs on failure-to-comply charges.

To summarize, defendants Karr and Chassaing are entitled to absolute immunity with respect to plaintiffs' § 1983 claims of malicious prosecution (Count II) and civil conspiracy (Count III). See Reasonover v. St. Louis Cty., Mo., 447 F.3d 569, 585 (8th Cir. 2006) (prosecutors entitled to immunity when the alleged participation in the conspiracy consists of otherwise immune acts). In addition, they are entitled to absolute immunity for plaintiffs' state law claims for malicious prosecution (Count V) and abuse of process (Count VI). See id. (under Missouri law, prosecutors are entitled to absolute immunity from state tort claims for prosecutorial functions). An order of dismissal will be entered in favor of defendants Karr and Chassaing.

The City of Ferguson argues that it, too, is entitled to absolute immunity against these claims. "Unlike government officials, municipalities do not enjoy absolute immunity from suit under section 1983." Sample v. City of Woodbury, 836 F.3d 913, 917 (8th Cir. 2016) (citing Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)). Municipalities may be liable under section 1983 if municipal policy or custom caused the unconstitutional injury. Id. Plaintiffs allege that their constitutional rights were infringed as the result of the City of Ferguson's unconstitutional ordinances, customs, practices, and policies. The City's motion to dismiss these counts on the basis of immunity will be denied.

## C. Count I: Arrest in Violation of First Amendment

Plaintiffs claim in Count I that defendants Harris and Gibbons and the Doe defendants arrested them in retaliation for exercising their First Amendment rights to engage in free speech and to assemble. Complaint at ¶¶ 46, 50 (plaintiffs' seizure violated, *inter alia*, their right not to be retaliated against for exercising First Amendment rights). "Official reprisal for protected speech 'offends the Constitution [because] it threatens to inhibit exercise of the protected right, and the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out. Hartman v. Moore, 547 U.S. 250, 256 (2006) (quoting Crawford–El v. Britton, 523 U.S. 574 (1998)). To prevail in an action for First Amendment retaliation, a plaintiff must show, "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." Greenman v. Jessen, 787 F.3d 882, 891 (8th Cir. 2015) (quoting Peterson v. Kopp, 754 F.3d 594, 602 (8th Cir. 2014)). "In retaliatory arrest cases, we have identified a fourth prong: lack of probable cause or arguable probable cause." Id.

Defendants argue that plaintiffs have not identified their protected conduct with specificity and particularity. According to the complaint, plaintiffs Woods, Rose and Lhotak were arrested on August 11, 2014, while "engaged in lawful and peaceful assembly" following a candlelight vigil. Complaint at ¶ 12. Plaintiffs do not allege that they were protesting or engaging in protected speech when they were arrested and, while "peaceful assembly" is arguably protected, the complaint fails to

13

provide any factual allegations to support an inference that this indeed was what was occurring. Plaintiff Powers was arrested while waiting for another protestor to be released from custody, was charged with failure to comply and a noise violation, and was "jailed in retaliation for his presence." Complaint at ¶ 14. Again, plaintiff Powers does not allege that he was engaging in any protected activity. Plaintiffs appear to rely on the Justice Department report and consent decree to establish that Ferguson police officers had a pattern of violating First Amendment rights. However, they cannot merely cite these documents to support a claim that individual arrests in Ferguson were the product of unconstitutional conduct. Plaintiffs will be given the opportunity to amend their claim to make specific allegations that they were arrested under circumstances that violated their First Amendment rights.

### D. Count II: Malicious Prosecution

Plaintiffs assert a claim for malicious prosecution claim against all defendants. They allege that defendants Harris and Gibbons instigated criminal complaints against them without probable cause, in violation of the Fourth and Fifth Amendments, because there was no evidence that plaintiffs failed to comply with a police order. They further allege that defendants acted to retaliate for plaintiffs' exercise of their First Amendment rights and that their actions shock the conscience, offend fundamental principles of justice, and violate plaintiffs' substantive due process rights. Complaint at ¶¶ 61-62. Plaintiffs also allege that defendant City of Ferguson is liable by virtue of a custom, practice and usage of misusing the failure-to-comply ordinance. Complaint at ¶ 70.

Plaintiffs cannot maintain a substantive due process claim for malicious prosecution. The Supreme Court has stated that it is "reluctant to expand the concept of substantive due process," and has held "that where a particular Amendment provides an explicit textual source of constitutional protections against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing those claims." County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). A claim that a § 1983 plaintiff "was arrested or prosecuted without probable cause, even if labeled a claim of malicious prosecution, must be judged under the Fourth Amendment, not substantive due process." Stewart v. Wagner, 836 F.3d 978, 983 (8th Cir. 2016) (quoting Albright v. Oliver, 510 U.S. 266, 270–71 & n.4, (1994) (plurality opinion joined by seven Justices on this issue)); see also Smithson v. Aldrich, 235 F.3d 1058, 1064 (8th Cir. 2000) (the relevant inquiry in a Fourth Amendment false arrest claim is whether the officers had probable cause to arrest appellees).

Defendants argue that they are entitled to dismissal of plaintiffs' claim because the Eighth Circuit does not recognize a federal cause of action for malicious prosecution. In Joseph v. Allen, cited by defendants in support of their argument, the Eighth Circuit stated that "an allegation of malicious prosecution without more cannot sustain a civil rights claim under § 1983." Joseph v. Allen, 712 F.3d 1222, 1228 (8th Cir. 2013) (citing Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001) (emphasis added). Plaintiffs assert that they satisfy the requirement for "something more" because they allege that Harris and Gibbons prepared criminal complaints against plaintiffs in retaliation for plaintiffs' exercise of their First

15

Amendment rights to freedom of speech and assembly. As discussed above, this claim cannot succeed unless plaintiffs adequately plead that they were engaged in protected activity. However, plaintiffs also allege that Harris and Gibbons knowingly and recklessly instigated criminal proceedings against them without evidence and without probable cause. Complaint at ¶ 58. A claim for prosecution without probable cause can be maintained under the Fourth Amendment. See Greenman v. Jessen, 787 F.3d 882, 890-91 (8th Cir. 2015) (plaintiff's due-process claim that he was arrested and prosecuted without probable cause "is properly addressed under a Fourth Amendment analysis"). Defendants do not address a Fourth Amendment violation arising from the alleged prosecution without probable cause and their motion to dismiss and for qualified immunity as to this claim will be denied.

### E. Count III: § 1983 Conspiracy Claim

In Count III, plaintiffs allege that all of the defendants conspired to arrest, charge, and prosecute them without probable cause and in retaliation for exercising protected First Amendment rights. To state a § 1983 conspiracy claim, a plaintiff must allege "that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." Ellingson v. Piercy, No. 2:14-CV-04316-NKL, 2016 WL 4033259, at *2 (W.D. Mo. July 27, 2016) (quoting Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999)).

Defendants argue that the conspiracy claim must be dismissed under the intracorporate conspiracy doctrine. In addressing conspiracy claims brought under 42 U.S.C. § 1985, the Eighth Circuit has held "that a corporation and its agents are

16

a single person in the eyes of the law, and a corporation cannot conspire with itself," and a local government entity cannot conspire with itself through its agents acting within the scope of their employment. L.L. Nelson Enterprises, Inc. v. Cty. of St. Louis, Mo., 673 F.3d 799, 812 (8th Cir. 2012) (citations omitted). As defendants acknowledge, however, the Eighth Circuit has not addressed whether the doctrine applies to conspiracy claims brought under § 1983, and the Court's own research has not located any district courts within the Eighth Circuit applying the doctrine to § 1983 claims. Furthermore, one court in this district has concluded that it is inappropriate to apply the doctrine at the dismissal stage. Anzaldua v. Ne. Ambulance & Fire Prot. Dist., No. 4:13CV01257 ERW, 2014 WL 466234, at *8 (E.D. Mo. Feb. 5, 2014), aff'd in part, rev'd in part on other grounds and remanded, 793 F.3d 822 (8th Cir. 2015). The Court will deny defendants' motion to dismiss Count III based on the intracorporate conspiracy doctrine.

### F. Count VI: Abuse of Process

Plaintiffs base their abuse of process claim on allegations that defendants arrested and charged them for the purpose of deterring others from engaging in constitutionally protected conduct. Complaint at ¶ 100.

To establish an abuse of process claim under Missouri law, a litigant must prove that "(1) the [opposing party] made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the [opposing party] had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 862 n.4 (8th Cir. 2002) (quoting Stafford v. Muster, 582 S.W.2d 670, 678 (Mo. 1979)). "These elements are frequently summarized as (1) a willful act of

17

using process (2) for a collateral purpose." Krakover v. Mazur, 48 F.3d 341, 344 (8th Cir. 1995). "Stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process." Nichols, 284 F.3d at 862 (quoting Ritterbusch v. Holt, 789 S.W.2d 491, 493 n.1 (Mo. banc 1990)). As with their conspiracy claim, plaintiffs' only allegations of improper purposes are actions taken by Karr and Chassaing. In the absence of allegations that the police officers acted with improper purpose, plaintiffs cannot proceed on this claim. See Reasonover v. St. Louis Cty., Mo., 447 F.3d 569, 586 (8th Cir. 2006) (police officers entitled to summary judgment on abuse of process claim where there was no evidence they had any improper motive in investigating plaintiff) . Count VI will be dismissed for failure to state a claim for relief.

### G. Punitive Damages

Plaintiffs seek punitive damages for each of their counts. As they concede, Doc. #16 at 3, municipalities are immune from awards of punitive damages regarding claims raised under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1982). Accordingly, the Court will strike plaintiffs' requests for punitive damages with respect to the City of Ferguson.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for partial dismissal [Doc. #11] is **granted in part and denied in part.** A separate order of partial dismissal will be entered.

**IT IS FURTHER ORDERED** that plaintiffs' claim for punitive damages is **stricken** with respect to the defendant City of Ferguson.

**IT IS FURTHER ORDERED** that plaintiffs shall have until **February 1, 2017** to file an amended complaint properly identifying the capacity in which the individual defendants are named and identifying with more specificity the protected activity they were engaged in when they were arrested.

```
                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 17th day of January, 2017.