IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL J. POWERS, JASMINE WOODS        )
KEITH ROSE, MICHAEL LHOTAK,             )
and UMAR LEE,                           )
                                        )
        Plaintiffs,                     )
                                        )
vs.                                     )
                                        )       Case No.  4:16-cv-1299CEJ
CITY OF FERGUSON                        )
                                        )
TIM HARRIS                              )
                                        )
SEAN GIBBONS,                           )
                                        )       JURY TRIAL DEMANDED
JOHN DOE DEFENDANTS 1-3                 )
                                        )
        Defendants.

## FIRST AMENDED COMPLAINT

**COME NOW** Plaintiffs Michael J. Powers, Jasmine Woods, Keith Rose, Michael

Lhotak and Umar Lee, and for their cause of action against Defendants, jointly and severally,

state as follows:

## PARTIES

1.      Plaintiffs Michael J. Powers, Jasmine Woods, Michael Lhotak and Umar Lee are

citizens and residents of the State of Missouri.  Plaintiff Keith Rose is a citizen and resident of

the State of Illinois.

2.      Defendant City of Ferguson ("Ferguson") is a municipal corporation, organized

and existing pursuant to Missouri law.  Ferguson had the ability to control and direct the conduct

of the police officers of the Ferguson Police Department as they performed their duties in

furtherance of Ferguson's goals.  Ferguson, through its policymakers and supervisory personnel,

1

had direct supervision and control of its employee officers.  Ferguson is charged with enacting ordinances which do not violate the Constitution of the United States and the Missouri Constitution, and is prohibited from adopting customs and practices that violate the Constitution of the United States and the Missouri Constitution.

3.      Defendant Tim Harris was a law enforcement officer employed by Defendant City of Ferguson as a member of the Ferguson Police Department.  Defendant Harris is sued in his individual capacity.

4.      Defendant Sean Gibbons was a law enforcement officer employed by Defendant City of Ferguson as a member of the Ferguson Police Department.  Defendant Gibbons is sued in his individual capacity.

5.      John Doe Defendants Nos. 1, 2 and 3 are law enforcement officers employed by Ferguson as members of the Ferguson Police Department and were acting under color of law. On information and belief, John Doe Defendants Nos. 1, 2 and 3 are the officers who, with the assistance of Defendant Harris, Defendant Gibbons and other officers of the Ferguson Police Department, falsely arrested and detained Plaintiffs.  John Doe Defendants Nos. 1, 2 and 3 are sued in their individual capacity.

6.      Each of the acts alleged herein against Defendants were committed by them individually, or by their agents, servants and/or employees, all while acting under color of state law at all relevant times.  Each of the Defendants acted as agents of the other Defendants.

## JURISDICTION

7.      Plaintiffs bring this action for damages arising from the violation of their civil rights pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985, which provide for this Court's jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.  Pursuant to Title 28 U.S.C. §§2201

and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief found necessary and proper.  Plaintiffs hereby request supplemental jurisdiction of their state law claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

### THE WRONGFUL ARREST OF PLAINTIFFS

8.     On August 9, 2014 Michael Brown, an unarmed 18-year-old African-American man, was fatally shot by an officer of the Ferguson Police Department.  In the wake of the shooting, numerous protests occurred.

9.     Two days after the shooting, on August 11, 2014, after a candlelight vigil to remember Michael Brown, Plaintiffs Jasmine Woods, Keith Rose, and Michael Lhotak were engaged in lawful and peaceful assembly and protest when they were arrested and jailed for 24 hours by officers of the Ferguson Police Department.  Prior to their arrest, Plaintiffs Woods, Rose and Lhotak were engaged in protected activities under the First Amendment, including (1) protesting the use of excessive force by the police against Michael Brown and others by taking part in the protest; (2) by joining in chants protesting the use of excessive force and (3) making public statements during the protest petitioning the local government to remedy their grievances.  Plaintiffs Woods, Rose and Lhotak were on the public sidewalks outside of and around the Ferguson Police Department and Municipal Court building. Defendant Harris prepared a police report alleging that these Plaintiffs "failed to comply" with police orders to disperse in purported violation of a City of Ferguson ordinance.  Defendant Harris as complaining witness (and under penalty of perjury), later prepared and signed a Complaint/Information as to each Plaintiff making the same allegations of "failure to comply."  The false Complaint/Information was also signed by Stephanie Karr, Ferguson's City Attorney and prosecutor.  Plaintiffs Woods, Rose and Lhotak never "failed to comply" with any lawful orders of the Ferguson Police.

10.     Defendant Harris did not actually arrest these Plaintiffs and had no personal knowledge regarding the charges he brought against them in the Complaint/Information.  Nor did Stephanie Karr possess personal knowledge or competent evidence that Plaintiffs had violated the "failure to comply" ordinance.

11.     At approximately 1:30 a.m. on August 14, 2014, Plaintiffs Michael Powers and Umar Lee were engaged in activities protected under the First Amendment.  Plaintiff Umar Lee was live-streaming and participating in the protest outside of the Ferguson Police Department, petitioning the government for redress of his grievances. Plaintiff Michael Power was specifically petitioning the Ferguson police and officials to release Alderman Antonio French from the Ferguson city jail, arrested earlier that day.  Plaintiffs were then arrested by officers of the Ferguson Police Department, charged with "failure to comply" with police orders, as well as with a noise violation, and jailed in retaliation for their presence.  Plaintiffs Powers and Lee never "failed to comply" with any proper, lawful orders of the Ferguson Police Department.

12.     Defendant Gibbons prepared a police report and prepared and signed a Complaint/Information, under penalty of perjury, which both falsely alleged that Plaintiff Powers had failed to comply with lawful police orders in violation of Ferguson ordinance.  The false Complaint/Information was also signed by Stephanie Karr as prosecutor.

13.     At all relevant times, the Ferguson Municipal Code, 14 Ferguson Mun. Code § 29-16, (the "failure to comply ordinance") provided in relevant part:

> It shall be unlawful for any person to: (1) Fail to comply with the lawful order or request of a police officer in the discharge of the officer's official duties where such failure interfered with, obstructed or hindered the officer in the performance of such duties[.]

14.     Ferguson's failure to comply ordinance is unconstitutional, both facially and as applied to Plaintiffs.  Among other things, the ordinance is void for vagueness and illegally

4

burdens the Plaintiffs and other citizens' rights to free speech and lawful assembly under the First Amendment and the right to be free from unwarranted arrest, detention and criminal prosecution without probable cause under the Fourth Amendment.  Plaintiffs' arrest, detention and prosecution under the failure to comply ordinance was therefore illegal and in violation of the Plaintiffs' Federal and Missouri constitutional rights.

15.    Plaintiffs were each arrested, charged and prosecuted with violation of this ordinance in retaliation for and as a result of their lawful, constitutionally-protected actions on August 11, 2014 and August 14, 2014, including engaging in protected activities under the First Amendment, as set forth above.  Defendants as a matter of law lacked probable cause to arrest and prosecute Plaintiffs under the "failure to comply" ordinance, because Defendants had no evidence whatsoever showing that Plaintiffs failed to comply with lawful police orders, that Plaintiffs had even heard any such orders, or that Plaintiffs had in any way interfered with or hindered officers in the performance of their duties.

### DEPARTMENT OF JUSTICE INVESTIGATION REGARDING THE UNLAWFUL AND UNCONSTITUTIONAL POLICIES AND CUSTOMS OF THE FERGUSON POLICE DEPARTMENT

16.    Plaintiffs' arrests, detentions and prosecutions were part of a wider pattern of policies, customs and practices of abuse of authority by Ferguson and the Ferguson Police Department that go back many years.  These policies, customs and practices were uncovered following a wide-ranging investigation by the Civil Rights Division of the United States Department of Justice of the City of Ferguson, the Ferguson Municipal Courts and the Ferguson Police Department was initiated in the wake of the death of Michael Brown.  That investigation resulted in a 105 page report showing, among many of things, patterns of illegal stops, searches

and arrests, driven partly by racial bias.  Ferguson's unlawful and unconstitutional policies, customs and practices have also been widely reported in the press.

17.     The DOJ's findings from its expansive, in-depth federal investigation were set out in its report titled "Investigation of the Ferguson Police Department," dated March 4, 2015. This Report determined that **the Ferguson Police Department and its officers engaged in a custom and practice of violating the constitutional rights of citizens, including in the Department's abusive and unconstitutional use of the "failure to comply" ordinance**.  Among other things, the Department of Justice found that:

a)      "One area of FPD activity deserves special attention for its frequency of Fourth Amendment violations: enforcement of Ferguson's Failure to Comply municipal ordinance. 14 Ferguson Mun. Code § 29-16. Officers rely heavily on this charge to arrest individuals who do not do what they ask, even when refusal is not a crime."

b)       "Officers expect and demand compliance even when they lack legal authority. They are inclined to interpret the exercise of free-speech rights as unlawful disobedience, innocent movements as physical threats ... **Police supervisors and leadership do too little to ensure that officers act in accordance with law and policy**, and rarely respond meaningfully to civilian complaints of officer misconduct. The result is **a pattern of stops without reasonable suspicion and arrests without probable cause in violation of the Fourth Amendment; infringement on free expression, as well as retaliation for protected expression**, in violation of the First Amendment; and excessive force in violation of the Fourth Amendment."

c)      **"FPD's approach to enforcement results in violations of individuals First Amendment rights.  FPD arrests people for a variety of protected conduct: people**

6

**are punished for talking back to officers, recording police activities, and lawfully protesting perceived injustices."**

d)      "Frequently, officers stop people without reasonable suspicion or arrest them without probable cause. Officers rely heavily on the municipal 'Failure to Comply' charge, which appears to be facially unconstitutional in part, and is frequently abused in practice."

e)      The "failure to comply" charge is applied in a racially discriminatory manner. Among other things, "From 2011 to 2013, African Americans accounted for 94% of all 'Failure to Comply' charges."

f)      "Officers frequently make enforcement decisions based on what subjects say, or how they say it. Just as officers reflexively resort to arrest immediately upon noncompliance with their orders, whether lawful or not, they are quick to overreact to challenges and verbal slights. These incidents—sometimes called "contempt of cop" cases—are propelled by officers' belief that arrest is an appropriate response to disrespect. These arrests are typically charged as a Failure to Comply, Disorderly Conduct, Interference with Officer, or Resisting Arrest."

18.     In a section of the Department of Justice Report addressing "changes necessary to remedy Ferguson's unlawful law enforcement practices", the Report further provides that Ferguson should "Revise Failure to Comply municipal code provision to bring within constitutional limits, and provide sufficient guidance so that all stops, citations, and arrests based on the provision comply with the Constitution" and that Ferguson needed to "Train officers on proper use of Failure to Comply charge[.]"

19.    The Department of Justice Report also "singled out Karr for criticism several times.  Among the accusations were that she engaged in 'retaliatory conduct' against lawyers who challenged the city."[1]

### DEFENDANT CITY OF FERGUSON'S SETTLEMENT WITH THE DEPARTMENT OF JUSTICE AND THE FEDERAL COURT CONSENT DECREE

20.    Rather than contest these findings of the Department of Justice's legally authorized investigation, the City of Ferguson negotiated a settlement.  On or about March 17, 2016, Ferguson entered into a Consent Decree with the Department of Justice in the United States District Court for the Eastern District of Missouri before the Honorable Catherine Perry. Judge Perry found that the Consent Decree represented a fair, adequate and reasonable plan to resolve the Ferguson Police Department and municipal court's routine violations of the constitutional rights of citizens.

21.    Pursuant to the Consent Decree, Ferguson agreed to adopt numerous changes in its policies to address it ongoing violations of citizens' civil rights, including:

a)    Ferguson "will ensure" that its officers will not infringe on the First Amendment rights of citizens, including "The right to criticize or complain about police conduct without being subject to retaliation;" and "The right to engage in lawful public protest."

b)    "FPD will ensure that officers do not treat protestors differently based on the content of their speech or expression."

c)    "FPD will ensure that officers do not take any police action in retaliation for individuals lawfully exercising their right to witness, observe, record, comment

---

[1] Deere, Stephen, "Legal Bills Mount As Ferguson Stands By 'Failure-To-Comply' Cases." St. Louis Post-Dispatch, May 2, 2016.

on, or protest police activity. This includes detaining, searching, arresting, issuing

a citation, or using force in response to non-criminal statements or other

expressive conduct, when the officer would not have taken such action in the

absence of the statements or expressive conduct."

d) "The City agrees to provide to all FPD officers initial and ongoing annual in

service training regarding First Amendment protected activity, appropriate police

responses to the exercise of such activity, and common pitfalls and oversteps in

responding to such activity."

22.     The Ferguson City Council formally adopted the terms of the Consent Decree on

March 15, 2016.

## DEFENDANTS' WRONGFUL CONTINUATION OF PROSECUTIONS OF PLAINTIFFS AND OTHERS FOR "FAILURE TO COMPLY" DESPITE THE JUSTICE DEPARTMENT FINDINGS AND COMPLETE LACK OF EVIDENCE

23.     While the Consent Decree required Ferguson to address many of its

unconstitutional practices, including the use of arrest in retaliation for exercise of protected

speech, it did not require Ferguson to dismiss existing charges against those, like Plaintiffs, who

had been arrested on unconstitutional, frivolous and retaliatory "failure to comply" charges.

24.     Despite the Department of Justice's investigation detailing Ferguson's unlawful

use of the "failure to comply" charge to retaliate against protected speech, Ferguson knowingly

pursued these baseless charges against Plaintiffs and others.

25.     A high profile trial occurred on February 8-9, 2016, when Chassaing argued to a

St. Louis County jury that the Rev. Osagyefo Sekou, who was taken into custody in September

2014 while on his knees praying outside the Police Department, disobeyed officers as they disbanded a protest.  A jury acquitted Rev. Sekou in less than 20 minutes.[2]

26.     On January 13, 2016, defense attorneys met with Chassaing in a conference room at Ferguson City Hall to depose police officers in six "failure-to-comply" cases.  In all but one case, the officers could not identify the arresting officer.  The depositions cost the city $1,470 in legal fees.[3]

27.     St. Louis County Associate Circuit Judge Joseph S. Dueker questioned the merits of one Ferguson failure-to-comply case when Chassaing "could not produce an officer who arrested the Defendant, nor a witness who saw the defendant disregard an officer's order, nor a witness who could testify that the defendant heard a police order to disperse." Judge Dueker stated that "There's no testimony regarding this defendant at all, not that she was even there."[4]

28.     Elizabeth Peinado, who was with Plaintiff Michael Powers at the time of his arrest and was also arrested, was similarly charged with "failure to comply."  Karr dismissed the charges against Peinado about 40 minutes prior to trial.  "In a lengthy memo, Karr argued that the defendant had 'clearly' committed the violation.  However, she was declining to prosecute for 'reasons wholly unrelated to the merits of the case.'  Karr did not elaborate."[5]

29.     In relation to another Ferguson failure-to-comply case, Judge Dueker stated that the prosecutor's cases seemed to hinge on the belief that because the defendants had been arrested, they must be guilty.   In response, "Chassaing acknowledged the cases were

_____

[2] Deere, Stephen, "Legal Bills Mount As Ferguson Stands By 'Failure-To-Comply' Cases." St. Louis Post-Dispatch, May 2, 2016.
[3] Deere, Stephen, "Legal Bills Mount As Ferguson Stands By 'Failure-To-Comply' Cases." St. Louis Post-Dispatch, May 2, 2016.
[4] Deere, Stephen, "Legal Bills Mount As Ferguson Stands By 'Failure-To-Comply' Cases." St. Louis Post-Dispatch, May 2, 2016.
[5] Deere, Stephen, "Ferguson Prosecutor Dismisses Case Minutes Before Trial, Maintains That The Defendant Still Violated The Law." St. Louis Post-Dispatch, May 18, 2016.

circumstantial, but said the judge should convict the defendants.  The judge, he said, could infer that because officers took the defendants into custody, they had been among 11 protesters disregarding police orders to stay out of the street."[6]   Chassaing's argument violates the fundamental tenet of the American justice system of the presumption of innocence.  Chassaing's argument also demonstrates the baseless nature of the criminal prosecutions undertaken by Defendants.

30.     Chassaing has been similarly blunt in admitting the improper motive of Ferguson and its agents and employees, including the Officer Defendants, in pursuing these prosecutions, namely to suppress freedom of speech.  In relation to the charges brought against Plaintiffs Rose, Lhotak and Woods, that "These cases were pursued in order to deter others participating in future protests from assuming there are no limits or parameters to their activities[.]"[7]

31.     Plaintiff Rose's defense attorney, Joshua Canavan, was quoted by the St. Louis Post-Dispatch as stating "Given the lack of evidence, these cases have become personal for the prosecutors." Chassaing has demonstrated that his decision to prosecute the failure to comply cases was indeed personally motivated, by suggesting that charges against protesters should be pursued because some had purportedly "threatened to rape and kill officers, their spouses, children and pets[.]"[8]

32.     On information and belief, the City of Ferguson, including the Mayor, City Council and City Manager, allowed Karr and Chassaing to pursue these baseless charges, despite the history of a pattern of unconstitutional enforcement of the failure to comply oridinance,

---

[6] Deere, Stephen, "Legal Bills Mount As Ferguson Stands By 'Failure-To-Comply' Cases." St. Louis Post-Dispatch, May 2, 2016.
[7] Deere, Stephen, "Ferguson Loses Three More Cases Against Protesters." St. Louis Post-Dispatch, May 12, 2016.
[8] Deere, Stephen, "Legal Bills Mount As Ferguson Stands By 'Failure-To-Comply' Cases." St. Louis Post-Dispatch, May 2, 2016.

despite the complete lack of evidence in Plaintiffs' cases, and despite the fact that the prosecutions furthered Karr and Chassaing's own financial and personal interests.  The St. Louis Post-Dispatch has reported that:

> Today, nearly two years later, Ferguson prosecutors are pursuing a conviction against Mentzel, one of dozens of defendants charged with "failure to comply" – a charge that the U.S. Department of Justice has said Ferguson police have routinely abused.
>
> Some critics say they believe financial and personal interests are driving the effort at a time when Ferguson should be working to enact the terms of a Justice Department agreement to reform the city's police and court practices.
>
> Many of the cases involve protesters accused of disregarding orders to leave an area as police broke up crowds during demonstrations[.]
> ….
> After approving a far-reaching consent decree with the Justice Department, city leaders promised to move the community forward.  Yet the private lawyers employed by the city to prosecute ordinance violations have refused to back down, even in cases the Justice Department cited as infringements on constitutional rights.
>
> All told, the prosecutions have cost taxpayers tens of thousands of dollars.  Convictions in those cases may yield a fine of $150 – the hourly fee for Ferguson prosecutors.
>
> From 2014 to 2015, the amount prosecutors billed Ferguson rose from $30,260 to $61,705.  For work during the first three months of 2016, prosecutors' charged Ferguson just over $30,000.  If that pace continues, prosecutors could cost the city more than $120,000 this year. [9]

33.     Chassaing and Karr have no limit on the number of hours for which they can bill. "From 2014-2015, prosecutors' expenses doubled, and they are on pace to double again this year – mostly because they are prosecuting protesters charged with failure to comply."[10]

34.     On May 4, 2016, it was reported that Ferguson "is removing City Attorney Stephanie Karr from her position as prosecutor, more than a year after the Justice Department

---

[9] Deere, Stephen, "Legal Bills Mount As Ferguson Stands By 'Failure-To-Comply' Cases." St. Louis Post-Dispatch, May 2, 2016.
[10] Deere, Stephen, "Ferguson Takes Steps To Remove Controversial Prosecutor." St. Louis Post-Dispatch, May 4, 2016.

accused Ferguson's municipal court of numerous constitutional violations and singled out Karr for her role in them."[11]

35.     In relation to Karr's removal, "City officials said they recognized that having the same person as both city attorney and prosecutor could appear as a conflict of interest. … St. Louis University law professor Brendan Roediger noted that the positions have differing interests.  The city attorney protects a municipality's financial interest, while a prosecutor pursues justice on behalf of its residents."[12]  This conflict of interest is readily apparent, given that Karr and her law firm were charging the City of Ferguson tens of thousands of dollars to pursue criminal prosecutions that lacked any basis in law or fact.

36.     Karr has admitted that if there is no evidence to support a prosecution the case would be dismissed.[13]  Karr and Chassaing did not dismiss the cases, even though they both knew that there was no evidence to support the charges of "failure to comply" against these Plaintiffs. Karr and Chassaing continued to prosecute Plaintiffs, ignoring the presumption of innocence and relying on an ipso facto proposition that if a citizen is arrested the citizen must be guilty.

37.     In an advertisement placed by Ferguson for applicants for the position of prosecutor, "the city says applicants should pay close attention to a provision in the Justice Department agreement that says: 'the City will develop and implement policies to ensure that

---

[11] Deere, Stephen, "Ferguson Takes Steps To Remove Controversial Prosecutor." St. Louis Post-Dispatch, May 4, 2016.
[12] Deere, Stephen, "Ferguson Takes Steps To Remove Controversial Prosecutor." St. Louis Post-Dispatch, May 4, 2016.
[13] Deere, Stephen, "Legal Bills Mount As Ferguson Stands By 'Failure-To-Comply' Cases." St. Louis Post-Dispatch, May 2, 2016.

the Ferguson Municipal Court operates impartially, independently from the City Prosecutor, and in a manner that eliminates existing and potential unlawful conflicts of interest.'"[14]

38.     While the search for a prosecutor was underway, Karr and other lawyers from her firm nevertheless continued to prosecute the failure-to-comply cases.[15]

39.     On or about May 23, 2016, Karr resigned from her remaining position as City Attorney with the City of Ferguson, pending a new City Attorney being hired.

### PLAINTIFFS WERE ACQUITTED
### OF ALL CHARGES BROUGHT AGAINST THEM

40.     As in the other "failure to comply" cases pursued by the City of Ferguson, at no time during the investigatory process or in the subsequent criminal prosecution of Plaintiffs did the Defendants ever have any evidence that Plaintiffs engaged in criminal conduct. Nevertheless, Defendants arrested Plaintiffs, held them in jail for 24 hours, and pursued criminal charges against Plaintiffs up to and including trial, without any probable cause to do so, based solely on the fact that Plaintiffs had been arrested.

41.     Ferguson and the other Defendants did not produce any officers or other witnesses, prior to trial or at trial, who could say they witnessed or had knowledge of Plaintiffs' purported failure to comply with any order of a police officer on August 11, 2014 or August 14, 2014.  Defendants relied solely on the fact of Plaintiffs' arrests to show their conduct had violated the "failure to comply" ordinance.

42.     The Plaintiffs did not refuse to comply with any lawful orders of the Ferguson Police Department.  None of the Plaintiffs violated the failure to comply ordinance, as found by

---

[14] Deere, Stephen, "Ferguson Takes Steps To Remove Controversial Prosecutor." St. Louis Post-Dispatch, May 4, 2016.
[15] Deere, Stephen, "Judge Hands Down Two More Not-Guilty Verdicts In Cases Stemming From Ferguson Protests." St. Louis Post-Dispatch, May 17, 2016.

the Circuit Court of St. Louis County when each of the Plaintiffs was acquitted of the charges brought against them.  To the contrary, Plaintiffs' arrests were in retaliation for Plaintiffs' exercise of their First Amendment rights to free speech and assembly.

43.    Plaintiff Michael Powers was tried in the Circuit Court of St. Louis County on April 11, 2016, and the Court entered a verdict and judgment of acquittal on May 17, 2016. Plaintiff Keith Rose was tried on April 12 and 13, 2016 and the Court entered a verdict and judgment of acquittal on May 10, 2016.  Plaintiff Michael Lhotak was tried on April 14, 2016, and his Motion for Judgment of Acquittal was granted by the Court on May 10, 2016.  Plaintiff Jasmine Woods was tried on April 27, 2016, and her Motion for Judgment of Acquittal was granted by the Court on May 10, 2016.  Plaintiff Lee's case was dismissed by the City Prosecutor on December 8, 2016, *nolle prosequi.*

## COUNT I

### PLAINTIFFS' CAUSE OF ACTION AGAINST
### DEFENDANTS HARRIS, GIBBONS AND THE JOHN DOE DEFENDANTS
### FOR UNLAWFUL SEIZURE/FALSE ARREST PURSUANT TO 42 U.S.C. § 1983.

44.    Plaintiffs hereby incorporate the allegations set forth in the previous paragraphs, the same as if fully herein set forth.

45.    As set forth above, the John Doe Defendants arrested Plaintiffs Woods, Rose and Lhotak for exercising their constitutional rights of speech and assembly; while Defendant Harris took custody of these Plaintiffs and put them in jail.  Defendant Harris also prepared a false police report stating that Plaintiffs had violated the Ferguson failure to comply ordinance in an effort to create an illusion of probable cause to support the arrest.  Defendant Gibbons similarly prepared a false police report and signed a false Complaint/Information, under penalty of perjury, alleging that Plaintiff Powers had violated the failure to comply ordinance.

15

46.     Defendants Harris, Gibbons, and the John Doe Defendants did not have probable cause to detain or arrest the Plaintiffs.  Defendants' seizure of Plaintiffs was unreasonable, and deprived Plaintiffs of their right to be free from unreasonable seizure of their person in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, and their right not to be retaliated against for exercising their First Amendment rights.

47.     On information and belief, Defendants conspired to and acted together under color of state law, violated Plaintiffs' civil rights and deprived them of the rights, privileges, and immunities secured by the Constitution and laws of the United States.

48.     As a direct result of the conduct of Defendants described above, Plaintiffs suffered damages including the loss of their liberty, as well as fear, anxiety and emotional distress.

49.     The acts of Defendants as described herein were intentional, wanton, malicious, evil and oppressive, and exhibited a reckless indifference to the federally protected rights of Plaintiffs, thus entitling plaintiffs to an award of punitive damages against Defendants in order to punish and to deter them and others similarly situated from like conduct in the future.

50.     Plaintiffs also request an award of reasonable attorneys fees and legal costs pursuant to 42 U.S.C. Sec. 1988.

WHEREFORE, Plaintiffs pray judgment against Defendants for compensatory damages, for punitive damages against the individual Defendants in order to punish Defendants and to deter them and others similarly situated from like conduct in the future, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT II

### PLAINTIFFS' CAUSE OF ACTION AGAINST
### ALL DEFENDANTS FOR MALICIOUS PROSECUTION
### PURSUANT TO 42 U.S.C. § 1983.

51.     Plaintiffs hereby incorporate the allegations set forth in the previous paragraphs, the same as if fully herein set forth.

52.     As set forth above, Defendants Harris and Gibbons instigated criminal charges against Plaintiffs and served as the complaining witnesses.  The "evidence" on which Plaintiffs were charged was derived from and provided by Harris and Gibbons.  Harris has admitted that he did not know of any factual basis for charging the Plaintiffs with failure to comply.  In fact, there was no evidence which supported charging Plaintiffs with any crime.

53.     Defendant City of Ferguson was the moving force instigating and continuing the criminal proceedings against Plaintiffs through its condoning of a pattern and practice of misconduct by both officers and city prosecutors in pursuing claims of "failure to comply" which lacked a basis in probable cause and which blatantly violated the First and Fourth Amendments.

54.     Defendants lacked any probable cause whatsoever to instigate criminal proceedings against Plaintiffs, but nevertheless knowingly and recklessly instigated proceedings against Plaintiffs.  Defendants lacked probable cause in law or fact to instigate and pursue the criminal proceedings against Plaintiffs, in that Defendants had no facts which would warrant a prudent person to honestly believe that the actions and the means taken in the investigation and prosecution of Plaintiffs were just, legal, and proper.

55.     To the extent that Defendants claim they believed that the arrest and instigation of criminal charges against and prosecution of Plaintiffs was supported by probable cause, Defendants' belief was objectively unreasonable, because there was no evidence from any

witness that the Plaintiffs had failed to comply with a lawful order of a policeman or had interfered with, obstructed or hindered Ferguson officers.

56.     By instigating and continuing the criminal prosecution of Plaintiffs without any indicia of probable cause, Defendants acted with malice and in bad faith.

57.     The criminal prosecutions of Plaintiffs without probable cause violated Plaintiffs' constitutional rights under the Fourth, Fifth and Fourteenth Amendments, including Plaintiffs' right not to have false and baseless criminal charges brought against them in bad faith.

58.     The wrongful criminal prosecution of Plaintiffs constituted an unreasonable "seizure" of Plaintiffs in violation of the Fourth Amendment of the United States Constitution, and Defendants' prosecution of Plaintiffs in the absence of probable cause violated Plaintiffs' rights against such prosecutions under the Fourth and Fifth Amendments of the United States Constitution.

59.     Karr and Chassaing's work on behalf of the City of Ferguson was undertaken through their employment with the Curtis, Heinz, Garrett and O'Keefe, P.C. firm.  That firm provides prosecuting attorney services to the City of Ferguson under a contract and does the same thing for other similar municipalities in the St. Louis metropolitan area.

60.      Because the Curtis Heinz firm is a private entity, in competition with other law firms in providing attorney services to local governments, marketplace pressures provide the Curtis Heinz firm with strong incentives to avoid overly timid, insufficiently vigorous, or unduly fearful employee job performance.  This is reflected in the unconstitutional behavior of Karr and Chassaing in pursuing prosecutions for which no probable cause existed, including the absence of any evidence from a complaining witness with direct knowledge of the circumstances of Plaintiffs' arrest, or any other evidence, whatsoever, that Plaintiffs had violated the law.  Indeed,

Chassaing stated that the St. Louis Circuit Court should "infer" probable cause for the arrests and the guilt of Plaintiffs based solely on the fact that the Plaintiffs had been arrested.

61.     Furthermore, prior to the prosecution of Plaintiffs, Karr and Chassaing engaged in policymaking and investigatory roles on behalf of the City of Ferguson and Ferguson Police Department, including through Karr's policymaking position as the City Attorney, in which she worked closely with the Mayor and other city officials in regards to Ferguson's law enforcement policies and its response to public protests.  Pursuant to Ferguson's Ordinances, Karr as the City Attorney was the Director of Ferguson's Law Department, and explicitly charged as policymaker with enforcing all of Ferguson's ordinances, including the Failure to Comply ordinance.

62.     Karr's influence over the affairs of the City of Ferguson is reflected in her legal bills, which "document conference calls with the mayor, the drafting of news releases and talking points, correspondence with national news outlets, memorandums to the city clerk about records requests, and hours upon hours spent in closed meetings with the City Council."[16]

63.     In her position as City Attorney, Karr also ratified and condoned the pattern and practice of Ferguson's unlawful and unconstitutional interpretation, implementation and enforcement of the failure to comply ordinance.

64.     On information and belief, City of Ferguson officials have admitted that having Karr serve as both City Attorney and prosecutor constituted, or at least created an appearance of, a conflict of interest in regards to her representation of the City of Ferguson.

65.     Furthermore, Chief of Police Jackson served as a policymaker for the City of Ferguson in relation to controlling, supervising and disciplining the officers of the Ferguson Police Department.  Among other things, Jackson had final authority to exonerate officers from

---

[16] Deere, Stephen, "Ferguson City Attorney, Target Of Protesters In Recent Months, Resigns Position." St. Louis Post-Dispatch, May 24, 2016.

complaints of misconduct.  Jackson was the final reviewer of both internal affairs investigations into officer misconduct and investigations arising from citizen complaints.  Jackson and other policymakers within the City of Ferguson and the Ferguson Police Department were deliberately indifferent of the pattern of abuse of the Failure to Comply ordinance as described above.

66.     On information and belief,  the City of Ferguson, through its policymakers, have completely failed to remedy the City of Ferguson and Ferguson Police Department's custom, practice and usage of abuse of the failure to comply ordinance and other similar ordinances, and have thereby effectively ratified the Ferguson Police Department's and Ferguson prosecutors' ongoing violations of the constitutional rights of citizens.

67.     As a direct result of the conduct of Defendants described above, Plaintiffs suffered damages including the loss of their liberty, as well as fear, anxiety and emotional distress.

68.     The acts of Defendants as described herein were intentional, wanton, malicious, evil and oppressive, and exhibited a reckless indifference to the federally protected rights of Plaintiffs, thus entitling plaintiffs to an award of punitive damages against Defendants in order to punish and to deter them and others similarly situated from like conduct in the future.

69.     Plaintiffs also request an award of reasonable attorneys fees and legal costs pursuant to 42 U.S.C. Sec. 1988.

WHEREFORE, Plaintiffs pray judgment against Defendants for compensatory damages, for punitive damages against the individual Defendants in order to punish Defendants and to deter them and others similarly situated from like conduct in the future, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT III

### PLAINTIFFS' CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

70.     Plaintiffs hereby incorporate the allegations set forth in the previous paragraphs, the same as if fully herein set forth.

71.     Defendants conspired and acted together in arresting, charging and prosecuting Plaintiffs without probable cause and in retaliation for Plaintiffs' exercise of their protected constitutional rights to free speech and lawful assembly.

72.     Each of the Defendants engaged in multiple overt acts in furtherance of their conspiracy, including pursuing criminal charges against Plaintiffs without probable cause in bad faith and for improper collateral purposes; and by manufacturing evidence in order to create an illusion of probable cause in support of the baseless "failure to comply" charges brought against Plaintiffs.

73.     The acts of Defendants in furtherance of their conspiracy were intentional, wanton, malicious, evil and oppressive, and/or exhibited a reckless indifference to the federally protected rights of plaintiff, thus entitling plaintiff to an award of punitive damages against Defendants in order to punish and to deter them and others similarly situated from like conduct in the future.

74.     Plaintiffs also request an award of reasonable attorneys fees and legal costs pursuant to 42 U.S.C. Sec. 1988.

WHEREFORE, Plaintiffs pray judgment against Defendants for compensatory damages, for punitive damages against the individual Defendants in order to punish Defendants and to deter them and others similarly situated from like conduct in the future, for attorneys' fees and

costs, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT IV

### MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF FERGUSON FOR FOURTH, FIFTH AND FOURTEENTH AMENDMENT VIOLATIONS PURSUANT TO 42 U.S.C. §1983

75.     Plaintiffs hereby incorporate the allegations set forth in the previous paragraphs, as well as the allegations set forth in Count VI, infra, the same as if fully herein set forth,.

76.     Defendant City of Ferguson maintained, condoned and was deliberately indifferent to unconstitutional policies, customs, practices and usages of the Ferguson Police Department, including but not limited to:

(a)     Falsely arresting subjects for violation of the unconstitutional failure to comply ordinance;

(b)     Stopping subjects without reasonable suspicion and making arrests without probable cause in violation of the Fourth Amendment;

(c)     Enforcing the failure to comply ordinance and similar city ordinances in a manner which infringes on free expression and as an improper means for retaliating against protected expression, in violation of the First Amendment;

(d)     Enforcing the failure to comply ordinance and similar city ordinances in a racially discriminatory manner;

(e)     Creating a false record in police reports and other documentation to provide non-existent legal justification for arrests and to support subsequent prosecution based on those false charges, even in the absence of probable cause, in violation of the Fourteenth Amendment; and

22

(f)     Pursuing baseless criminal prosecutions for violation of the failure to comply ordinance and similar city ordinances, without probable cause, with malice and for improper retaliatory purposes.

77.     Defendant City of Ferguson was aware that its agents, including the individual defendants herein, took unwarranted law enforcement action against individuals, like Plaintiffs, who were engaged in activity protected by the First Amendment to the United States Constitution; and that its agents enforce the failure to comply ordinance in a manner which violates the constitutional rights of citizens.  Defendant City of Ferguson has been deliberately indifferent in its duty to correct, supervise, control and discipline its agents, officers and employees.

78.     Ferguson's customs, practices and usages are so pervasive that they constitute the de facto policies of the City of Ferguson.

79.     Further, by its actions, Defendant City of Ferguson has ratified the unlawful conduct of the individual Defendants herein.

80.     These policies, customs, practices and usages directly caused and were the moving force behind the constitutional deprivations and resulting injuries to Plaintiffs.

81.     As a direct and proximate result of the conduct of the City of Ferguson, Plaintiffs suffered injuries and damages, including the loss of their liberty, fear, apprehension, anxiety and emotional distress; suppression of Plaintiffs' First Amendment Rights; violation of Plaintiffs' Fourth Amendment right against unreasonable seizures of their person; and violation of Plaintiffs Fourth, Fifth and Fourteenth Amendment rights against being criminally prosecuted in the absence of probable cause and in bad faith.

82.     Plaintiffs also request an award of reasonable attorneys fees and legal costs pursuant to 42 U.S.C. Sec. 1988.

WHEREFORE, Plaintiffs pray judgment against Defendant City of Ferguson for compensatory damages, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT V

## PLAINTIFFS' CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER MISSOURI LAW AGAINST ALL DEFENDANTS

83.     Plaintiffs hereby incorporate the allegations set forth in the previous paragraphs, the same as if fully herein set forth.

84.     Defendants Harris, Gibbons and the John Doe Defendants instigated the criminal proceedings against Plaintiffs by providing false and misleading information in the police reports prepared and signed by Defendants Harris and Gibbons and in the Complaints/Informations. Defendants were the "moving force" behind Plaintiffs' subsequent criminal prosecution, which never would have occurred but for their illegal actions. Karr and Chassaing, acting on behalf of the City of Ferguson and within the course and scope of their employment, also instigated and continued the criminal proceedings against Plaintiffs, as described above.

85.     Defendants lacked probable cause in both law and fact to instigate and pursue the criminal proceedings against Plaintiffs, in that Defendants lacked such facts and circumstances as to warrant a prudent person having the honest belief that the actions and the means taken in the investigation and prosecution of Plaintiffs were just, legal, and proper.

86.     Defendants Harris and Gibbons were "complaining witnesses" in that substantially all of the evidence used to charge Plaintiffs was derived from and provided by

Harris and Gibbons, even though Defendants had no knowledge of the facts which they swore were true in the Informations.

87.     The facts known to Defendants (including pertinent facts that could have been ascertained by Defendants through the exercise of due diligence prior to instituting the judicial proceedings against Plaintiffs) did not support any allegation that Plaintiffs had violated the "failure to comply" ordinance.

88.     In instigating, commencing and continuing the judicial proceedings against Plaintiffs described above, Defendants acted maliciously.  Defendants intentionally engaged in wrongful acts and conduct without just cause or excuse in relentlessly pursuing Plaintiffs' wrongful prosecution, without any probable cause to do so and for the improper purpose of chilling protected speech.

89.     The underlying litigation terminated in Plaintiffs' favor when the St. Louis County Circuit Court acquitted Plaintiffs of all charges or when charges were dismissed and abandoned by the City of Ferguson.

90.     At all relevant times, Defendants Harris, Gibbons and the John Doe Defendants were acting within the course and scope of their employment and agency relationship with the City of Ferguson, and acted as the employees, servants and agents of Ferguson when they maliciously prosecuted Plaintiff.

91.     On information and belief, Defendant City of Ferguson has waived sovereign immunity as to itself and its employees, servants and agents by obtaining insurance coverage, pursuant to § 537.610, Mo. Rev. Stat.

92.     As a direct and proximate result of Defendants' malicious prosecution of Plaintiffs, Plaintiffs were damaged.

93.     Defendants' malicious prosecution, as set forth above, was carried out intentionally, with an evil motive and/or with a reckless indifference and conscious disregard to the rights of Plaintiffs, thereby entitling Plaintiffs to punitive damages in an amount sufficient to punish and deter Plaintiffs and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiffs pray judgment against Defendants for compensatory damages, for punitive damages against the individual Defendants in order to punish Defendants and to deter them and others similarly situated from like conduct in the future, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT VI

### PLAINTIFFS' CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR FIRST AMENDMENT RETALIATION PURSUANT TO 42 U.S.C. § 1983.

94.     Plaintiffs hereby incorporate the allegations set forth in the previous paragraphs, the same as if fully herein set forth.

95.     As set forth above, including in paras. 9, 11 and 15, each of the Plaintiffs engaged in a protected activity under the First Amendment prior to their arrests in protesting and petitioning the City of Ferguson and Ferguson Police Department.

96.     Officers of the Ferguson Police Department, acting pursuant to the customs and policies of the Ferguson Police Department and the City of Ferguson, including the customs and policies relating to the enforcement of the Failure to Comply ordinance, described above, took adverse action against Plaintiffs that would chill a person of ordinary firmness from continuing in the activity; namely, Plaintiffs were arrested, jailed and prosecuted without probable cause.

97.     Defendants' adverse action in arresting, jailing and prosecuting Plaintiffs was taken, at least in part, in response and retaliation for their First Amendment-protected activities.

98.     Defendants lacked probable cause to arrest or prosecute Plaintiffs.

26

99.     Defendants' adverse action in arresting, jailing and prosecuting Plaintiffs was done for the improper purpose of deterring or discouraging Plaintiffs and others from engaging in First Amendment-protected activities.

100.    On information and belief, Defendants conspired to and acted together under color of state law, violated Plaintiffs' civil rights and deprived them of the rights, privileges, and immunities secured by the Constitution and laws of the United States.

101.    As a direct result of the conduct of Defendants described above, Plaintiffs suffered damages including the loss of their liberty, as well as fear, anxiety and emotional distress.

102.    The acts of Defendants as described herein were intentional, wanton, malicious, evil and oppressive, and exhibited a reckless indifference to the federally protected rights of Plaintiffs, thus entitling plaintiffs to an award of punitive damages against Defendants in order to punish and to deter them and others similarly situated from like conduct in the future.

103.    Plaintiffs also request an award of reasonable attorneys fees and legal costs pursuant to 42 U.S.C. Sec. 1988.

WHEREFORE, Plaintiffs pray judgment against Defendants for compensatory damages, for punitive damages against the individual Defendants in order to punish Defendants and to deter them and others similarly situated from like conduct in the future, for attorneys' fees and costs, and for such other and further relief as the Court deems just and proper, the premises considered.

## COUNT VII

**PLAINTIFFS' CAUSE OF ACTION FOR FALSE ARREST/IMPRISONMENT UNDER MISSOURI LAW AGAINST DEFENDANTS CITY OF FERGUSON, HARRIS, GIBBONS AND THE JOHN DOE DEFENDANTS**

1.      Plaintiffs hereby incorporate the allegations set forth in the previous paragraphs, the same as if fully herein set forth.

2.      As set forth above, Plaintiffs were restrained against their will when Defendants Harris, Gibbons, and the John Doe Defendants wrongfully arrested and jailed Plaintiffs.

3.      This restraint was unlawful in that Plaintiffs were arrested without probable cause or any other legal excuse, and in retaliation for Plaintiffs' exercise of constitutionally-protected rights to free speech and assembly.

4.      Defendants intended to cause this false arrest and wrongful imprisonment and confinement of Plaintiffs.

5.      At all relevant times, the officer Defendants were acting within the course and scope of their employment and agency relationship with the City of Ferguson, and acted as the employees, servants and agents of said Department and its representatives when they falsely arrested and wrongfully imprisoned Plaintiffs.

6.      As a result of Defendants' false arrest and wrongful imprisonment, Plaintiffs were injured.

7.      Defendants' actions were carried out intentionally, with an evil motive and/or with a reckless indifference and conscious disregard for the rights of Plaintiffs, thereby entitling Plaintiffs to punitive damages in an amount sufficient to punish and deter Defendants and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiffs pray judgment against Defendants for compensatory damages, for punitive damages against the individual Defendants in order to punish Defendants and to deter them and others similarly situated from like conduct in the future, and for such other and further relief as the Court deems just and proper, the premises considered.

Respectfully submitted,

DOWD & DOWD, P.C.

By:  /s/  Douglas P. Dowd
DOUGLAS P. DOWD #29240MO
WILLIAM T. DOWD # #39648MO
ALEX R. LUMAGHI #56569MO
211 North Broadway, Suite 4050
St. Louis, Missouri   63102
Tel. (314) 621-2500
Fax No. (314) 621-2503
doug@dowdlaw.net
bill@dowdlaw.net
alex@dowdlaw.net

and

ARCHCITY DEFENDERS, INC.

By:   /s/Michael-John Voss
Michael-John Voss #61742MO
Thomas B. Harvey #61734MO
Blake A. Strode #68422MO
Edward J. Hall #0012692IA
Nathaniel R. Carroll #67988MO
1210 Locust Street, 2ND Floor
Saint Louis, MO 63103
Tel: (855) 724-2489
Fax: 314-925-1307
mjvoss@archcitydefenders.org
tharvey@archcitydefenders.org
bstrode@archcitydefenders.org
ehall@archcitydefenders.org
ncarroll@archcitydefenders.org

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the above pleading was served via the Court's electronic filing system this 3rd day of February, 2017 on all counsel of record.


                                         /s/ Douglas P. Dowd