# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. POWERS, JASMINE WOODS KEITH ROSE, and MICHAEL LHOTAK, </br></br>  Plaintiffs,</br></br>vs.</br></br>CITY OF FERGUSON, et al.,</br></br>  Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>) Case No.    4:16-cv-1299 RWS</br>)</br>)</br>)</br>)</br>) |

**NOTICE OF DEPOSITION**

**PLEASE TAKE NOTICE** that the undersigned will take the deposition of the designated agent(s) of the City of Ferguson (including but not limited to the Ferguson Police Department) pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Said designee shall be prepared to testify regarding the matters for examination contained on Schedule A attached hereto and the information that is known or reasonably available to the City of Ferguson regarding said subjects. The deposition will be attended by a court reporter and videographer who will preserve said testimony.

The deposition will begin on November 10, 2017 at 10:00 a.m., unless the parties agree in advance upon an alternative date and time, at the offices of Defendants' attorneys at Lewis Rice, LLC at 600 Washington Avenue, Suite 2500, St. Louis, MO 63101.

As required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, City of Ferguson shall designate one or more officers, agents, employees, or other persons who consent to testify on its behalf to the extent of information known or reasonably known to City of Ferguson or any of its agents concerning the following deposition topics on which examination is requested. See Schedule A attached hereto. Defendant is hereby notified that, in accordance with Rule 30(b)(6),



Exhibit A

each designated witness is to be prepared to testify regarding such information known to Defendant and the testimony is not to be limited to the personal knowledge of the witness. At least one of the persons designated to testify as to each topic should have knowledge of the documents referring or relating to the topic and the identity of all persons with knowledge of the topic.

**PLEASE TAKE FURTHER NOTICE** that defendant shall provide the names and titles of the designees to prior to the deposition, and set forth the subject matter for which each person will testify. Each such designee produced to testify has an affirmative duty to have first reviewed all documents, reports and other matters known or reasonably available to City of Ferguson, along with familiarizing themselves with all potential witnesses known or reasonably available (not just current employees) to provide informed, binding answers at the deposition.

The deposition will be taken before a qualified, certified shorthand reporter or other officer authorized by law to administer oaths and will continue on the day noticed and for additional days, if necessary, from day to day, excluding Saturdays, Sundays and holidays, until completed.

                                          DOWD & DOWD, P.C.

By:    /s/ Alex R. Lumaghi
       DOUGLAS P. DOWD #29240MO
       WILLIAM T. DOWD #39648MO
       ALEX R. LUMAGHI #56569MO
       211 North Broadway, Suite 4050
       St. Louis, Missouri  63102
       Tel. (314) 621-2500
       Fax No. (314) 621-2503
       doug@dowdlaw.net
       alex@dowdlaw.net

       and

                                                  Michael-John Voss #61742MO
Thomas B. Harvey #61734MO
Blake A. Strode #68422MO
Edward J. Hall #0012692IA
Nathaniel R. Carroll #67988MO
ARCHCITY DEFENDERS, INC.
1210 Locust Street, 2ND Floor
Saint Louis, MO 63103
Tel: (855) 724-2489
Fax: 314-925-1307
mjvoss@archcitydefenders.org
tharvey@archcitydefenders.org
bstrode@archcitydefenders.org
ehall@archcitydefenders.org
ncarroll@archcitydefenders.org

*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a copy of the above pleading was served via email on all counsel of record this 2nd day of November, 2017.


                                                            /s/ Alex R. Lumaghi

## SCHEDULE A - DEPOSITION TOPICS

1. The Ferguson Police Department's policies, procedures and customs relating to the creation of police reports, including the written policies concerning such reports, the information required to be included and the role of officers and supervisors in creating and approving such reports, for the five years preceding August 11, 2014 to the present, and the documents previously produced by the Defendants related thereto.

2. The policies, procedures and customs of the Ferguson Police Department relating to the enforcement of the "failure to comply" ordinance, 14 Ferguson Mun. Code § 29-16, as well as any amendments to the ordinance, for the five years preceding August 11, 2014 to the present, and the documents previously produced by the Defendants related thereto.

3. The policies, procedures or any special orders of the Ferguson Police Department relating to crowd control, authority to arrest, interaction with other police departments, and any other policies and procedures relating to the protests resulting from the death of Michael Brown which were in effect during the protests on August 11, 2014 and August 14, 2014, and the documents previously produced by the Defendants related thereto.

4. This Defendant's knowledge regarding citizen complaints or other complaints of false arrest or improper enforcement or exercise of police authority under the "failure to comply" ordinance made against officers of the Ferguson Police Department for the five years preceding August 11, 2014 to the present, and the documents previously produced by the Defendants related thereto.

5. The disposition and discipline by any Ferguson Police Department officers in relation to allegations of false arrest or improper enforcement or exercise of police authority under the "failure to comply" ordinance against officers of the Ferguson Police Department for the five years preceding August 11, 2014 to the present, and the documents previously produced by the Defendants related thereto.

6. Defendant's knowledge regarding any and all training received by Defendants Gibbons and Harris, provided by any party, relating to officers' powers of arrest and detention, unlawful arrest, or false arrest, including training on constitutional principles relating thereto. This includes the identities of all entities providing such training, the timing of such training, the subject matter of such training, and the location and custodian of any documents setting forth or relating to such training, and the documents previously produced by the Defendants related thereto.

7. The facts and circumstances surrounding/supporting Defendant's contention in its purported Third Affirmative Defense that "Any injury or damage sustained by Plaintiffs was sustained as the direct and proximate result of Plaintiffs' own wrongful criminal conduct, negligence, carelessness, and comparative fault."

8.      The facts and circumstances surrounding/supporting Defendant's contention in its purported Fourth Affirmative Defense that Plaintiffs purportedly "fail[ed] to mitigate damages."

9.      The facts and circumstances surrounding/supporting Defendant's contention in its purported Fifth Affirmative Defense that "probable cause existed to arrest the Plaintiffs and file charges for failure to comply against Plaintiffs."

10.     The facts and circumstances surrounding/supporting Defendant's contention in its purported Sixth Affirmative Defense that "extraordinary circumstances exist in that the Officer Defendants objectively and reasonably relied on Defendant City's failure to comply ordinance and had probable cause to believe that Plaintiffs had violated Defendant City's failure to comply ordinance."

11.     Defendant's knowledge regarding the findings and incidents described in the Department of Justice concerning (1) a pattern of unconstitutional stops and arrest and (2) violation of First Amendment rights, as set forth at pages 16-28 of the Department of Justice Report dated March 4, 2015, including but not limited to relating to the abuse of Ferguson's "failure to comply" ordinance, and the documents previously produced by the Defendants related thereto.

12.     The nature and extent of Defendant's investigation and search for documents responsive to the Department of Justice Request for Information, including the identities of all individuals tasked with that search, the method(s) of search, whether any documents were withheld on the basis of privilege, and any records relating to said investigation and search.

13.     Defendant's knowledge regarding any investigation(s) undertaken by the Ferguson Police Department or anyone else (e.g., City Council, FBI, DOJ, etc.) in connection with the events described in Plaintiffs' First Amended Complaint in this action.

14.     The attorneys fees paid to Stephanie Karr, Patrick Chassaing, and/or Curtis, Heinz, Garrett and O'Keefe, P.C. for their work on behalf of the City of Ferguson, including the documents previously produced by the Defendants related thereto, and any review of said fees, or the work for which the fees were charged, by the City of Ferguson and the policies and procedures relating to any such review.

15.     Any investigation, findings or other review by the City of Ferguson as to whether Stephanie Karr, Patrick Chassaing, and/or the Curtis, Heinz, Garrett and O'Keefe, P.C. firm had a conflict of interest in their representation of the City of Ferguson.