# Exhibit B

# LEWIS RICE LLC

Ronald A. Norwood

rnorwood@lewisrice.com
314.444.7759 *(direct)*
314.612.7759 *(fax)*

Attorneys at Law

600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101

www.lewisrice.com

November 7, 2017

**VIA E-MAIL AND U.S. MAIL**

Douglas P. Dowd
William T. Dowd
Alex R. Lumaghi
Dowd & Dowd, P.C.
211 North Broadway, Suite 4050
St. Louis, Missouri 63102

Michael-John Voss
Thomas B. Harvey
Blake A. Strode
Edward J. Hall
Nathaniel R. Carroll
Arch City Defenders
1210 Locust Street, 2nd Floor
St. Louis, MO 63103

Re: **Michael J. Powers, et al. v. City of Ferguson, et al.**
Case No. 4:16-cv-1299

Gentlemen:

I am writing in response to your Notice of Deposition for the designated agent(s) of the City of Ferguson dated November 2, 2017, and our conversation regarding that Notice of Deposition on November 6, 2017. Please allow this letter to serve as my client's formal response to your Notice of Deposition.

As we discussed with you, we have major concerns about the breadth and scope of a number of the topics listed in your Rule 30(b)(6) Deposition Notice. With respect to topic number one, you have agreed to limit the timeframe requested regarding policies associated with police reporting to the General Order dated April 8, 2010, which is the date of the policy that was in effect on the date of the events in the First Amended Complaint.

We also take issue with topic numbers 4 and 5 on the grounds that your request for information regarding nine (9) years of complaints of false arrests and what you categorize as "improper enforcement or exercise of police authority under 'failure to comply'", are vague, ambiguous, burdensome, overbroad, non-proportional, and seek information that is irrelevant and that is not likely to lead to the discovery of relevant, admissible evidence. More problematically, these topics do not meet the requirements in Rule 30(b)(6) that such topics be set forth with "reasonable particularity".

We also reserve all rights with respect to requests 7, 8, 9, and 10, which relate to the Defendants' legal defenses. It is improper to require a 30(b)(6) designee to testify as to every factual basis for a particular defense, and we object to the extent you seek for the designee to testify as to the City's legal conclusions or theories.

*Established 1909*

Exhibit B

# LEWISRICE LLC

November 7, 2017
Page 2

Even more problematic are topic numbers 11 and 12. Topic number 11 seeks information regarding findings of the Department of Justice ("DOJ") and conclusions regarding purported unconstitutional stops and arrests, findings and conclusions which Defendants dispute. In addition to not being relevant to the issues of whether the arrests and prosecutions of your clients, the requests are also not proportional to needs of this case. To attempt to isolate the precise information that might have been relied on by the DOJ – to reach conclusions that are disputed by the City – would require a review of innumerable documents to determine if it is the precise information relied upon by the DOJ to reach its findings and conclusions. In addition, having to attempt to prepare designees to respond to such an overbroad, vague topic description would be unduly burdensome for the City, particularly since the topics focus on the findings and legal conclusions by an entity other than the City. To the extent Plaintiffs seek for the designee to opine on the DOJ's legal conclusions, or to proffer the City's legal conclusion on the DOJ's conclusions, is also not proper, as the purpose of a 30(b)(6) deposition is to discover facts, not contentions or legal theories. Moreover, the incidents referenced in the DOJ report are totally different from the incidents that triggered the arrests and prosecutions of your clients such that they would not be admissible to establish any pattern and practice that would demonstrate that your clients' rights were violated. Lastly, because proof of the alleged incidents would be based on hearsay and the DOJ relied upon such hearsay to reach its conclusions, such evidence would not be admissible at trial and, thus, would result in the needless accumulation of attorneys' fees in attempting to prepare a corporate designee to discuss such incidents.

With respect to topic number 12, you seek information regarding Defendants' search for documents responsive to the DOJ's request for information, which search and search methodologies are wholly irrelevant to the underlying issues in the case, not proportional to the needs of this case, and are broad and unduly burdensome. When I pressed you all to identify the justification for this particular topic, no legitimate justification was proffered.

With respect to topic numbers 14 and 15, you agreed that such topics and discussions regarding legal fees by the Curtis, Heinz, Garrett and O'Keefe, P.C. firm would be limited to the attorneys' fees billed during the timeframe that your clients were arrested and prosecuted. We will produce the invoices for this period prior to the deposition.

As I indicated to you during our telephone conference, in light of these disputed issues, we have the following options: (1) Defendants file a motion for protective order to obtain clarity on these issues in advance of the depositions (and delaying the deposition until the Court rules); or (2) the Parties enter into an arrangement whereby we agree to prepare the witnesses as best we can based upon whatever topic clarifications you provide and go forward with the depositions, subject to the Defendants' reservation of their rights to make and preserve these objections and their right to file a motion for protective order, while Plaintiffs reserve their right to move to compel either further examination or additional designees following the conclusion of those initial corporate designee depositions. Our preference would be option number 2.

# LEWIS RICE LLC

November 7, 2017
Page 3

      With respect to topic numbers 6, 9, and 10, subject to the objections stated herein, we are designating Sgts. Harris and Gibbons, so those topics can be covered in their currently scheduled depositions. We have tentatively agreed to schedule the depositions of the other designees for Tuesday, November 21, 2017. However, if we cannot come to an agreement regarding option 2, then we will have no choice but to file a motion for a protective order. Please advise how you would like to proceed.

                                        Very truly yours,

                                        Ronald A. Norwood

RAN:kip