# Exhibit C

| | | |
|---|---|---|
| DOUGLAS P. DOWD<br>RICHARD K. DOWD<br>WILLIAM T. DOWD*<br>LAURA G. LUMAGHI<br>ALEX R. LUMAGHI<br>LIA OBATA DOWD<br>KEVIN D. LANE<br>GREGORY D. VESCOVO<br>*ALSO LICENSED IN ILLINOIS | **DOWD & DOWD, P.C.**<br>ATTORNEYS AT LAW<br>METROPOLITAN SQUARE BUILDING<br>211 NORTH BROADWAY<br>40TH FLOOR<br>ST. LOUIS, MISSOURI 63102<br>WWW.DOWDLAW.NET<br>FOUNDED 1957 | EDWARD L. DOWD<br>(1918 – 2004)<br><br>*OF COUNSEL*<br>PAUL G. LANE<br>C. TAB TURNER**<br>**ARKANSAS LICENSE<br>*PARALEGAL*<br>THOR DOWD |
| (314) 621-2500 (TEL) | | (314) 621-2503 (FAX) |

November 10, 2017

Mr. Ronald A. Norwood
Mrs. Jacqueline Graves
Lewis Rice, LLC
600 Washington Avenue
Suite 2500
St. Louis, MO  63101-1311

VIA ELECTRONIC MAIL:   rnorwood@lewisrice.com
                       acarey@lewisrice.com

                                Re:   <u>Powers et al. v. City of Ferguson et al.</u>
                                    Case No. 4:16-cv-1299 CEJ

Dear Ron,

      This letter is in response to your letter of November 7, 2018 concerning Plaintiffs' Rule 309b)(6) Notice of Deposition of the City of Ferguson.

      **Topic 2**: As you state, we have agreed to limit the timeframe requested under Topic 2 to beginning on April 8, 2010.

      **Topic Numbers 4 and 5**: Topic Number 4 relates to complaints of false arrest or improper enforcement or exercise of police authority under the "failure to comply" ordinance. Relating to your objection that these requests seek irrelevant information, as we explained during the phone conference, the law is absolutely clear that complaints on these issues are directly relevant to Plaintiffs' pattern and practice municipal liability claims.  The scope of discovery in *Monell* municipal liability claims is necessarily broad because "allegations in a plaintiff's complaint regarding municipal liability and supervisory liability based on negligent hiring, failure to train, and a municipal policy or custom 'portend[s] a broad inquiry into police practices and procedures, citizen complaints . . . and internal disciplinary actions, extending well beyond the immediate circumstances surrounding plaintiffs' arrests.'" *See Miller v. City of Plymouth*, 2010 U.S. Dist. LEXIS 41960 (N.D. Ind. Apr. 29, 2010), quoting *Langford v. City of Elkhart*, 1992 U.S. Dist. LEXIS 20211, 1992 WL 404443, at *2 (N.D. Ind. April 21, 1992). Our request

Exhibit C

limits the complaints to relevant subject matters rather than all complaints. While the Defendant apparently takes the position it is somehow difficult to review or locate this information, it appears unreasonable to us that a police department would be unable to locate complaints against its own officers.

Topic Number 5 relates to disposition and discipline of officers for allegations of false arrest or improper enforcement of the failure to comply ordinance. These facts are directly relevant to the Plaintiffs' pattern and practice municipal liability claim against the City of Ferguson, and Ferguson should be aware of whether any complaints against its officers have resulted in disciplinary action.

**Topics Numbers 7, 8, 9, and 10:** You state that defendant reserves its rights as to these requests because, you assert without legal authority, it is improper for a Rule 30(b)(6) designee to testify as to the factual basis for a particular defense. We disagree. The purpose of Rule 30(b)(6) is to obtain the knowledge of a corporation or municipality in the same manner as if they were an individual party to the case. It is no different than the City of Ferguson asking the individual Plaintiffs regarding the facts alleged in their Complaint. Therefore the witness should at least be able to testify regarding the factual bases for the defense being asserted, the general nature of the evidence supporting those alleged facts, and what documents or categories of documents Ferguson contends support that defense.

**Topics Numbers 11 and 12:** You contend, without citation to authority, that the purpose of a Rule 30(b)(6) is to discover "facts" and not "legal conclusions." However, the findings of the Department of Justice Report relate to patterns and practices of conduct, i.e. findings regarding the existence of factual circumstances. While we are entitled to ask regarding these patterns and practices, and Ferguson's position as to whether such practices existed, we do not intend to inquire regarding abstract conclusions of law. We are also entitled to ask for Ferguson's knowledge and whether Ferguson performed any investigation into the factual findings made in the relevant section of the Department of Justice Report that we have identified, in relation both to patterns and practices and to the individual incidents set forth in the Report, and what findings if any have been made. Furthermore, your position that evidence contained within the Report will not be admissible at trial because it is based on hearsay is legally incorrect, as the findings of a legally authorized investigation are an exception to the rule against hearsay. The factual findings and conclusions of civil rights investigations by the Department of Justice have repeatedly been found to be admissible in civil rights litigations under indistinguishable circumstances. *See See Daniel v. Cook Cty.*, 833 F.3d 728, 741 (7th Cir. 2016); *Shepherd v. Dallas Cty.*, 591 F.3d 445, 458 (5th Cir. 2009). And, as I'm sure you are aware, incidents from the Department of Justice Report were admitted at trial over these same objections in the recent *Moore v. City of Ferguson* case by Judge Limbaugh.

I also disagree strongly with your assertion that no legitimate justification was provided for Topic 12 during our phone call. You chose to ignore our explanations and simply repeat your position that Ferguson's search for documents to respond to the Department of Justice investigation was irrelevant. This despite the fact that (1) Ferguson contests the reliability of the findings of the DOJ Report and their factual basis; (2) the DOJ Report was based in significant part on documents provided by Ferguson, and (3) Ferguson claims that it is unable to identify what documents it provided to the Department of Justice. The nature of Ferguson's search will lead to the discovery of relevant information on these issues. This includes Ferguson's own

knowledge as to the scope of which documents were provided or which may not have been, as well as whether other sources of information exist which were not provided.

I also note that, during his recent deposition, Defendant Gibbons was confused by our questions regarding subject matter No. 10 and was not prepared to testify regarding the factual basis for Defendant's Sixth Affirmative Defense. This is insufficient to satisfy the City of Ferguson's duty to provide a prepared and knowledgeable deponee. *See Rocket Real Estate, LLC v. Maestres*, 2016 WL 7508255, at *2 (S.D.Fla., 2016); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000)(corporate entity has a duty to make a conscientious, good faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter ). The preparation must be "to the extent matters are reasonably available, whether from documents, past employees, or other sources." *West Liberty Foods, L.L.C. v. Perdue Farms, Inc.*, 2011 WL 13233174, at *1 (S.D. Iowa 2011). A corporation's duty extends "beyond the mere act of presenting a human body to speak on the corporation's behalf. [It] has the additional duty to prepare the deponent[s] ... so that they are able to give complete and knowledgeable answers." *Quantachrome Corp. v. Micromeritcs Instruments Corp.*, 189 F.R.D. 697, 699 (S.D. Fla. 1999).

Regarding our prior discussions of scheduling the corporate designees on November 21, 2017, we are willing to proceed on that date if Ferguson will be producing witnesses who are fully prepared and will testify to the subject matters identified in the Notice. Given the amended scheduling order, we would prefer not to depose witnesses at that time if they will not be sufficiently prepared or if Defendants intend to limit testimony based on the objections you have made in your letter. Please let us know how Defendant would like to proceed.

                                      Very truly yours,

                                      DOWD & DOWD, P.C.

BY: _____

                                      ALEX R. LUMAGHI
                                      alex@dowdlaw.net

ARL